UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

RIVKA KLEIN individually and
on behalf of all others similarly situated

Plaintiff,

-against-

NATIONWIDE CREDIT, INC.

Defendant.

===================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff Rivka Klein brings this action to secure redress from unlawful collection practices engaged in by Defendant Nationwide Credit, Inc.

2. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

-1-

## II. Parties

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Atlanta, Georgia.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about July 12, 2016, Nationwide Credit, Inc. sent a collection letter to the Plaintiff Rivka Klein. (see attached exhibit)

13. Upon information and belief, the said July 12, 2016 letter was the Defendant's initial communication with the Plaintiff.

14. The letter stated in part: "The Account Balance as of the date of this letter is shown above. Your creditor may add interest and fees to your account balance from time to time in accordance with your agreement with the creditor."

15. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

16. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

17. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

18. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

20. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

21. A collection letter is deceptive under 15 U.S.C. § 1692e if it can

reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

22. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

23. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

24. The letter fails to inform Plaintiff whether the amount listed already includes accrued "interest."

25. The letter fails to inform Plaintiff whether the amount listed already includes "fees."

26. The letter fails to advise Plaintiff what portion of the amount listed is principal.

27. The letter fails to inform Plaintiff whether the amount listed will increase.

28. The letter fails to inform Plaintiff what "fees" might apply.

29. The letter fails to inform Plaintiff if "fees" are applied, when such "fees" will be applied.

30. The letter fails to inform Plaintiff if "fees" are applied, what the amount of those "fees" will be.

31. The letter fails to inform Plaintiff of the nature of the "fees."

32. The letter fails to inform Plaintiff if there is accrued "interest," what the amount of the accrued interest will be.

33. The letter fails to inform Plaintiff if there is accrued "interest," when such interest will be applied.

34. The letter fails to inform Plaintiff if there is accrued "interest," what the interest rate is.

35. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per day.

36. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per week.

37. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per month.

38. The letter fails to inform Plaintiff if there is accrued "interest," the amount of money the amount listed will increase per any measurable period.

39. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

40. The sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of the letter," at any time after receipt of the letter.

41. The sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

42. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

43. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

44. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

45. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

46. If "fees" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "fees."[1]

47. The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

48. The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

49. The Defendant's failures are purposeful.

50. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

51. In order to induce payments from consumers that would not otherwise be

---

[1] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

made if the consumer knew the true amount due, Defendant does not inform the consumer what "fees" might apply.

52. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "fees" will be applied.

53. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

54. The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

55. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

56. Defendant's conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

57. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

58. Defendant's conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

59. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

60. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

61. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

62. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

63. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

64. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

65. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

66. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

67. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *V.     Class Allegations*

68. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. The identities of all class members are readily ascertainable from the records of Nationwide Credit, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

70. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Nationwide Credit, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

71. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

72. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

73. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

74. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

75. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

76. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

77. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

78. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.    Cause of Action

79.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.    This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the collection letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1)of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by the Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

### VII.    Violations of the Fair Debt Collection Practices Act

81.    The Defendant's actions as set forth above in the within complaint violates the FDCPA.

82.    Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

83. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.   Jury Demand*

84. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

85. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
July 5, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

**PERSONAL AND CONFIDENTIAL**
PO BOX 26315
LEHIGH VALLEY PA 18002-6315      00169

ACCOUNT NUMBER: XXXXXXXXXX01006
NCI ID: [Redacted]87
ACCOUNT BALANCE: $895.78
AMOUNT ENCLOSED:

023/A01A/SS/816/07/12/2016

24-hour account access: myaccount.ncirm.com
o Change of address: Print New Address on Back

**REMIT TO:**

NATIONWIDE CREDIT, INC.
PO BOX 26314
LEHIGH VALLEY PA 18002-6314

62174-12A
Rivka Klein
1244 45TH ST
Brooklyn NY 11219-2024

01   [Redacted]87  8

*** Please see the reverse side of this letter for important notices concerning your rights ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window



# Nationwide Credit, Inc.
PO BOX 26314
LEHIGH VALLEY PA 18002-6314
Monday - Friday 8 AM to 6 PM ET 1-877-779-3471
myaccount.ncirm.com

NCI ID: [Redacted]87
Current Creditor: AMERICAN EXPRESS
Account Number: XXXXXXXXXX01006
Account Balance: $895.78
Date: 07/12/2016



myaccount.ncirm.com
➤ 24-hour Access
➤ Make, or Reschedule a Payment
➤ Change your Contact Information
➤ And More...



We Want to Help You - Your Way!

Your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. for collection. The Account Balance as of the date of this letter is shown above. Your creditor may add interest and fees to your account balance from time to time in accordance with your agreement with the creditor. If you pay the above balance amount and, if your creditor requires an additional amount to consider your account paid in full, we will attempt to contact you.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. Upon your written request within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

This demand for payment does not eliminate your right to dispute this debt or inquire for more information about this debt, as described in the previous paragraphs.

The following options are available to help you resolve this account:

| Secure Online Portal: myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!<br>Login using your NCI ID: [Redacted]87 and Password: 7678 | **Pay by Mail:** Send your check or money order to<br>NATIONWIDE CREDIT, INC.<br>PO BOX 26314, LEHIGH VALLEY, PA 18002-6314<br>Reference your NCI ID on your check or money order |
|---|---|

Sincerely,

MAURICE RICO
Nationwide Credit, Inc.

**This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.**

MAURICE RICO Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(1) the use or threat of violence;
(2) the use of obscene or profane language; and
(3) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last 60 days.